ATLAS CORDAGE, INC., H. S. THIELEN, AGENT *v.* UNITED STATES

No. 7822.—

Entry No. LC 2.

(Decided April 26, 1950)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh* and *Guy Gilbert Ribaudo,* special attorneys), for the defendant.

FORD, Judge: The appeal for a reappraisement listed above presents for my determination the question of the proper dutiable value of certain imported unoiled sisal twine exported from Mexico and

entered at the port of Lake Charles, La. The case was originally heard in Chicago, where counsel for the plaintiff introduced the affidavit of the exporter herein, which was marked exhibit 1. Thereafter, the case was transferred to the port of entry, but no hearing was had at such port. It was then transferred to New York, where both parties submitted without the introduction of further evidence. The only evidence I have before me is the affidavit of the exporter.

The merchandise was entered at $0.0775 per pound, less certain specified nondutiable charges, and was appraised at $0.0825 per pound, packed, c..i. f. Lake Charles, less the same nondutiable charges.

In its brief filed herein counsel for the plaintiff insists that the proper export value of the involved twine is $0.07 per pound, c. i. f. New Orleans, rather than $0.0825 per pound, as found by the appraiser.

In his affidavit, exhibit 1 herein, the exporter stated that on or about the date of exportation such or similar sisal twine was not sold or offered for sale for home consumption at a price higher than $0.0625 per pound, c. i. f. New Orleans. Since the importer contends for, and the record establishes, a higher export value for the involved twine, I must take the export value as the proper basis for finding a value for this twine.

Included as a part of exhibit 1 is a list of sales, which the exporter affirms is a list of all sales of such or similar twine sold by his company for exportation to the United States during the period from May 1, 1941, to November 30, 1941. According to this list, the prices at which such or similar merchandise was sold for exportation to the United States during the stated period vary from $0.0625 to $0.0825. In view of the fluctuating prices shown by this list, I feel that the prices shown on the date of exportation more nearly reflect the true export value of the involved merchandise. Even on the date of exportation the list shows prices at $0.06, $0.0625, and $0.07 per pound. The fact, however, that there are varying prices shown for the same merchandise on the same date, does not preclude me from finding a value for this merchandise. The price at which *all* could buy the involved twine was $0.07 per pound.

In *Adolph Goldmark & Sons Corp.* v. *United States*, 22 C. C. P. A. (Customs) 358, our appellate court held as follows:

> The price to be accepted as an element of foreign value must be a price at which such or similar merchandise, at the time of exportation of the merchandise involved, is freely offered for sale to all purchasers in the principal markets in England in the usual wholesale quantities and in the ordinary course of trade.

See also *United States* v. *A. W. Faber, Inc.*, 21 C. C. P. A. (Customs) 290; *United States* v. *Mexican Products Co.*, 28 C. C. P. A. (Customs) 80; and *Golding Bros.* v. *United States*, 22 C. C. P. A. (Customs) 590.

Based upon the evidence before me, I find the weight thereof establishes a value for the involved merchandise of $0.07 per pound,

c. i. f. New Orleans. I therefore find such value to be the proper dutiable export value of the involved twine, attention being invited to section 503 (a) of the Tariff Act of 1930, and also to the fact that the entered value is higher than the value herein found. Judgment will be rendered accordingly.