UNITED STATES *v.* ATLAS CORDAGE, INC., H. S. THIELEN, AGENT

648

**No. 8113.—**

Entry No. LC 2.

Third Division, Appellate Term

(Decided May 20, 1952)

*Charles J. Wagner,* Acting Assistant Attorney General (*Daniel I. Auster* and *Guy Gilbert Ribaudo,* special attorneys), for the appellant.
*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the appellee.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This is an application for review of a decision and judgment rendered by a single judge of the United States Customs Court holding that the proper dutiable export value of the involved merchandise was $0.07 per pound, c. i. f. New Orleans. *Atlas Cordage, Inc., H. S. Thielen, Agent* v. *United States,* 24 Cust. Ct. 600, Reap. Dec. 7822.

The merchandise consisted of unoiled, unclipped sisal twine exported from Merida, Yucatan, Mexico, on November 14, 1941. It was invoiced, entered, and appraised as follows:

| Consular Invoice | Sisal twine unclipped | Invoice price | Entered | Appraised |
|---|---|---|---|---|
| 399 | 100 bales 30–10#, one ply, 300' | $0. 0625 | $. 0775 | $. 0825 |
| 401 | 66 bales 30–10#, two ply, 300' | 0. 07 | . 0775 | . 0825 |
| | 33 bales 30–10#, one ply, 400' | 0. 07 | . 0775 | . 0825 |
| | 33 bales 30–10#, two ply, 400' | 0. 07 | . 0775 | . 0825 |

All prices are per pound, packed, c. i. f. Lake Charles, less non-dutiable charges.

The only evidence introduced at the trial is an affidavit of Manuel A. Escalante, director general of Compañía Cordelera Mayapan, S. A., the shipper of the merchandise (plaintiff's exhibit 1). Mr. Escalante states therein that he has been director general of the company for 27 years; that he is familiar with the merchandise involved herein and with the market value in Mexico of such or similar sisal twine, either for home consumption in Mexico or for exportation to the United States; that on or about November 14, 1941, there were no sales for home consumption in Mexico of sisal twine such as or similar to the merchandise involved herein; that four sales during June, July, and September 1941 were at $0.55 Mexican currency per kilo; that Merida, Yucatan, is one of the principal markets for the sale of sisal twine; that:

On and about November 14, 1941, the price at which my company sold sisal twine such as or similar to the sisal twine covered by the two invoices shipped to Atlas Cordage Co., to all purchasers in Merida in the usual wholesale quantities,

and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was 6¼ cents per pound, U. S. currency, c. i. f. New Orleans.

There follows a list of sales which affiant states is "a list of all sales of such or similar sisal twine sold by my company for exportation to the United States during the period from May 1st to November 30, 1941." According to this list, the prices varied from $0.0525 to $0.0825 per pound. Under date of November 14, 1941, the list shows prices of $0.06, $0.0625, and $0.07 per pound.

The trial judge stated in his decision:

\* \* \* The fact, however, that there are varying prices shown for the same merchandise on the same date, does not preclude me from finding a value for this merchandise. The price at which all could buy the involved twine was $0.07 per pound. [Italics quoted.]

Appellant claims that the above statement is contrary to law; that the plaintiff below did not establish a *prima facie* case and, hence, failed to overcome the presumption of correctness attaching to the appraiser's finding of value; that the plaintiff did not establish all the elements of similarity between the imported merchandise and the merchandise listed in plaintiff's exhibit 1; and that the appraised value should be affirmed.

The merchandise was appraised on the basis of export value which appellant conceded to be the proper basis of valuation. Since the record indicates that no higher foreign value existed, the only issue herein is whether appellant has established an export value for the imported sisal twine, unclipped, other than the appraised value. This apparently was recognized by the Government for we find in the brief filed on behalf of the Government before the trial court the following statement: "The sole issue before the court is what was the export value of merchandise such or similar to the imported sisal twine, unclipped, at the time of exportation."

The court below found that the merchandise was sold at varying prices on the date of exportation but held that the price at which all could buy was $0.07 per pound, the highest of the several prices shown for that date.

An examination of the list of sales in exhibit 1 shows that it covers sales of sisal twine of various descriptions in bales, coils, and reels. The merchandise before us is described in the consular invoices as bales of sisal twine, unclipped, 30–10# one ply 300'; 30–10# two ply 300'; 30–10# one ply 400'; and 30–10# two ply 400'. In the list of sales, which is part of exhibit 1, we find the sales on the date of exportation given as two sales of 30/10# one-ply 300' at $0.0625; one sale of 30/10# one-ply 400' at $0.0625; one sale of 30/10# one-ply 400' at

$0.07; one sale of 30/10# two-ply 300' at $0.07; and one sale of 30/10# two-ply 400' at $0.07. We, therefore, have three sales at $0.0625 and three sales at $0.07. Nowhere in the record is there an intimation that the price is governed by the quantity sold or that said price is affected by the fact that some of the merchandise listed in the sales is in bales, some in coils, and some in reels. Nor does the evidence show that said prices are governed by the fact that a portion of the merchandise is described as one-ply and others as two-ply. The trial court on this record found that under these circumstances the "price at which *all* could buy the involved twine was $0.07 per pound." [Italics quoted.] With this finding we agree.

Upon the record we find as facts:

1. The merchandise consists of sisal twine unclipped exported from Mexico on or about November 14, 1941.

2. On the date of exportation one of the principal markets in Mexico for such or similar twine was Merida.

3. That the price at which all could buy such or similar twine for export to the United States, on the date of exportation was $0.07 per pound.

We conclude as matters of law:

1. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis of value.

2. That such value is $0.07 per pound, c. i. f. New Orleans.

3. That there is substantial evidence to support the judgment of the trial court. That judgment is, therefore, affirmed.